UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DAVID T. LEWIS,

      Petitioner,

  -v-

JAMES T. CONWAY,

      Respondent.

───────────────────────────────

FILED -PS-

2007 OCT -3  AM 1:13

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

**DECISION and ORDER**
07-CV-0037A(B)

Petitioner David T. Lewis, who filed a petition pursuant to 28 U.S.C. § 2254, was granted poor person status and directed to address why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1)-(2).

As discussed in the Court's previous Order, a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. More than a year has passed since the judgment became final, and even taking into account the effect of the tolling periods provided by the filing of petitioner's one or more collateral attacks, the petition is untimely. For purposes of § 2244(d)(1)(A), petitioner's conviction became final on November 25, 2003, 90 days after the New York Court of Appeals denied petitioner's application for leave to appeal.[1] Therefore, in the absence of a toll pursuant to § 2244(d)(2), petitioner had until November 25, 2004 to file his petition.

On July 21, 2004, 239 days after the conviction became final on November 26, 2003, petitioner filed an application for a writ of error *coram nobis*, which was denied by the

---

[1] *People v. Lewis*, 100 N.Y.2d 596, 766 N.Y.S.2d 171, 798 N.E.2d 355 (Aug. 27, 2003) (TABLE).

Appellate Division, Fourth Department on October 1, 2004. Petitioner's request for leave to appeal from that denial was denied by the New York Court of Appeal on January 25, 2006.[2] The period of limitation was therefore tolled from July 21, 2004 through January 25, 2006, or for 553 days. Petitioner, however, did not file the instant petition until January 24, 2007 or 364 days after the cessation of the toll on January 25, 2006. Because the one-year period of limitations had run from the date the conviction became final, November 25, 2003, until the date petitioner filed the application for a writ of error *coram nobis*, July 21, 2004, 239 days had already expired on the period of limitations "clock." By waiting an additional 364 days after the cessation of the toll on November 25, 2006 to file the instant petition, the petition was filed 238 days late. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000) (The filing of collateral attacks does not restart the statute of limitations period. The "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.")

Petitioner has completed the § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)" that he was directed by the Court to address. Petitioner has provided the Court with no information that changes the Court's assessment that this habeas petition is untimely. The Second Circuit Court of Appeals has found that "in 'rare and exceptional circumstances' a petitioner may invoke the courts' power to equitably toll the limitations period." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis*,

---

[2]*People v. Lewis*, 11 A.D.3d 1053, 783 N.Y.S.2d 896 (4th Dept. Oct 01, 2004) (TABLE), *lv. to appeal denied*, 6 N.Y.3d 777, 811 N.Y.S.2d 344, 844 N.E.2d 799 (Jan 25, 2006) (TABLE).

208 F.3d 13, 17 (2d Cir. 2000) (per curiam)). "To qualify for such treatment, the petitioner must establish that 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'" *Id.* Petitioner's assertion that his application should be considered timely because he was never served a notice of entry by the District Attorney does not reach the level of "rare and exceptional circumstances" contemplated by the Second Circuit. Further, petitioner has made no allegation that he acted with reasonable diligence after determining that the New York State Court of Appeals had denied him leave to appeal the denial of his writ of error coram nobis. The petition must be dismissed as untimely.

    IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 2, 2007